No. 2,214.

THE PEOPLE OF THE STATE OF CALIFORNIA *ex rel.* PETER CHRYS-
TAL, APPLICANT, *v.* JOHN COOK, JOSEPH R. JOHNSON AND P. O.
MINOR (Loan Commissioners of Santa Clara County), RESPONDENT.

SANTA CLARA RAILROAD BONDS—PAYMENT OF.—A mandamus will not be granted
to compel the Loan Commissioners of the County of Santa Clara to satisfy, in
gold coin, the bonds issued under the Act of April 9, 1861, to authorize the
Board of Supervisors of said county to subscribe to the capital stock of the San
Francisco and San Jose Railroad, when the only fund under their charge appli-
cable to the discharge of said bonds consists of legal tender notes.

*Per* RHODES, C. J., SPRAGUE, J., concurring:

IDEM.—The bonds issued at the date of or subsequent to the passage of the first
Legal Tender Act, and not expressly made payable in coin, may be satisfied with
legal tender notes, unless the law providing for their issue requires payment to
be made in gold coin only.

APPLICATION for a writ of mandamus to compel the Loan
Commissioners of Santa Clara County to satisfy, with coin,
certain bonds held by applicant, and issued under "An Act
to authorize the Board of Supervisors of Santa Clara County
to take and subscribe two hundred thousand dollars to the
capital stock of the San Francisco and San Jose Railroad
Company, and to provide for the payment of the same, and
other matters relating thereto," approved April 9, 1861.

The other facts are stated in the opinion.

*Calhoun Benham,* for Applicant.

*D. H. Delmas,* for Respondents.

RHODES, C. J., delivered the following opinion, SPRAGUE,
J., concurring:

The applicant seeks to compel the Loan Commissioners of
Santa Clara County, to satisfy his bonds in gold coin. It is
not alleged in the complaint, that there is any gold coin in
the loan fund; and by the agreed statement of facts, it
appears that there never has been, and is not now, any gold
coin in that fund. The Commissioners have no other fund
under their charge, out of which the bonds might be re-
deemed, than the loan fund. They are not estopped, by

their advertisement that they would pay those bonds, to say that there was no coin in that fund, for even if the bonds were payable only in coin, they would not be compelled to pay them unless there was coin in the fund. And besides this, the advertisement did not specify that the bonds would be paid in coin. The legal tender notes in the fund were, for aught that appears in the case, properly placed there, and no authority was conferred on the Commissioners by law, or by the order of the Board of Supervisors, when they ordered the legal tender notes to be transferred to that fund, to convert them into coin.

The case may also be disposed of on the question, as to whether the Commissioners are authorized to pay any money other than gold coin in satisfaction of the bonds. A part of the bonds were issued on the 25th day of February, 1862 (the date of the passage of the first Legal Tender Act), and the rest were issued at a subsequent date; and they were not expressly made payable in coin. They, therefore, may be satisfied with legal tender notes, unless there is something in the law providing for their issue, which requires payment to be made in coin only. We find no such provision in the statute. The statute does not require the "Loan Fund" to be composed exclusively of coin. The dividends, issues and profits of the stock in the railroad were required to be paid into the fund, and they do not necessarily consist of coin. At the time the bonds were issued, taxes were payable in coin ; but there is nothing in the statute providing for the issue of the bonds, which requires the taxes to be collected in that kind of money ; nor is there any provision of that nature, either express or implied, in the contract between the parties to the bonds.

Mandate denied.

By TEMPLE, J., CROCKETT, J., and WALLACE, J., concurring:

We concur in the judgment on the first ground discussed by Mr. Chief Justice RHODES. As to the other question discussed by him, we express no opinion.